■ In the Matter of CHARLES LINK, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.—Determination of the Commissioner of Motor Vehicles confirmed and proceeding dismissed on the merits, with costs. No opinion. Beldock, P. J., Christ and Martuscello, JJ., concur; Munder, J., dissents and votes to annul the determination, with the following memorandum, in which Benjamin, J., concurs: I dissent. I think the Commissioner's determination, imposing a 30-day suspension on a 67-year-old licensee who had had a prior unblemished record, was based on insubstantial evidence. I think the skid and overturning of the mail truck as it ran into the right side of petitioner's car when petitioner was more than half way through the intersection bespeak speeding on the part of the mail truck driver rather than by petitioner. The hearsay testimony of the police officer who did not witness the accident, particularly as to what a young boy said he saw, should have been disregarded.

■ MAHOPAC HOSPITAL, Respondent, v. CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF CARMEL AND PUTNAM VALLEY, Appellant.— On the court's own motion, appeal transferred for disposition to the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts. The appeal is from a judgment of the County Court, Putnam County, dated June 12, 1967, and was erroneously taken to this court. The said Appellate Term is presently vested with jurisdiction of such appeals (see N. Y. Const., art. VI, § 5, subd. b; § 8, subd. d; order No. 2-1968 of this court). Christ, Acting P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.

■ FRANK A. MICHALOWSKI, Appellant, v. ALFRED J. ELLISH et al., Respondents.— Order of the Supreme Court, Rockland County, dated November 4, 1967, which denied plaintiff's motion to remove the action to said court from the County Court, County of Rockland, modified on the law and the facts by adding a provision that the denial is without prejudice to a renewal of the motion upon proper papers. As so modified, order affirmed, without costs. In our opinion plaintiff should be permitted an opportunity to submit a medical affidavit which specifies the injuries and their causal relationship to the accident. Plaintiff should also supply whatever documentary proof he has to substantiate his claim of lost earnings. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.